# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Dennis E. Hecker,<br><br>      Debtor. | Chapter 7<br><br>BKY No. 09-50779 |
| Randall L. Seaver, Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>Allen N. Eide,<br><br>      Defendant. | Adv. No.: 11-11-05020 |

## ORIGINAL ANSWER OF ALLEN N. EIDE TO TRUSTEE'S COMPLAINT

TO THE HONORABLE COURT:

Defendant Allen N. Eide ("Eide") submits this Original Answer to the Adversary Complaint filed by Randall L. Seaver, in his capacity as Chapter 11 Trustee ("Trustee") for Debtor Dennis E. Hecker ("Debtor"). Eide denies each and every allegation of the Complaint unless specifically admitted herein.

1. Eide admits the allegations contained in Paragraph 1.

2. With respect to the allegations contained in Paragraph 2, Eide admits that he has been an automobile dealer, that he resides in North Dakota and Arizona, and that he has business interests within the state of Minnesota, but denies the other allegations contained in Paragraph 2.

3. With respect to the allegations contained in Paragraph 3, Eide admits that he did loan $500,000 to the Debtor on two occasions in 2008, that one of the loans was documented by a written loan agreement, and that on one occasion Eide lent $500,000 to the Debtor that was not documented by a written loan agreement. Eide denies the other allegations contained in Paragraph 3.

4. Eide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies same.

5. Edie admits that he entered into an Agreement to sell Monticello Ford to the Debtor, that the Debtor purchased a fifty percent interest in Monticello Ford and agreed to buy the remaining fifty percent interest, that the Debtor failed to completely effectuate the Agreement and consequently Eide remained a fifty percent owner although he had no control over the operation of the dealership, which control resided entirely with the Debtor. Eide also asserts that the Debtor failed to pay Eide for the fifty percent interest that was purchased through execution of a promissory note. Eide denies the remaining allegations contained in Paragraph 5.

6. Edie denies the allegations contained in Paragraph 6 and affirmatively states that his agreement with the Debtor concerning Monticello Ford required the Debtor to purchase all of Eide's interest in Monticello Ford and that the Debtor failed to do so.

7. With respect to the allegations contained in Paragraph 7, Eide admits that he was a party to a consulting agreement as to Monticello Ford, and denies the remaining allegations contained in Paragraph 7 as argument.

8. Edie denies the allegations contained in Paragraph 8.

9. Eide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9, and therefore denies same.

10. With respect to the allegations contained in Paragraph 10, Eide admits that in late

2008 and early 2009, the Debtor owed him millions of dollars that ultimately was never paid. Eide denies the remaining allegations contained in Paragraph 10 regarding his own conduct. Eide is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and therefore denies same.

11. Eide denies the allegations contained in Paragraph 11.

12. Edie denies the allegations contained in Paragraph 12.

13. Edie denies the allegations contained in Paragraph 13.

14. Edie denies the allegations contained in Paragraph 14.

15. Paragraph 15 does not contain a factual allegation to which a response is required.

16. Edie denies the allegations contained in Paragraph 16.

17. Eide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore denies same.

18. Edie denies the allegations contained in Paragraph 18.

19. Edie denies the allegations contained in Paragraph 19.

20. Paragraph 20 does not contain a factual allegation to which a response is required.

21. Edie denies the allegations contained in Paragraph 21.

22. With respect to the allegations contained in Paragraph 22, Eide admits that he was and is a creditor of the Debtor.

23. Edie denies the allegations contained in the second Paragraph 22.

24. Edie denies the allegations contained in Paragraph 24.

25. With respect to the allegations contained in Paragraph 25, Eide denies that he received any preferential payments from the Debtor. Eide is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 25, and

therefore denies same.

26. Eide denies the allegations contained in the second Paragraph 25.

27. Edie denies the allegations contained in Paragraph 26.

28. Edie denies the allegations contained in Paragraph 27.

29. Edie denies the allegations contained in Paragraph 28.

## AFFIRMATIVE DEFENSES

30. The Trustee's Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted.

31. The Trustee's Complaint, and each and every claim for relief therein, is barred by Section 547(c)(1) of the Bankruptcy Code, in that, upon information and belief, the challenged transfers were intended to constitute at the time made a contemporaneous exchange for new value given to Debtor by Eide and in fact constituted a substantially contemporaneous exchange therefore.

32. Count II of the Complaint is barred because the challenged transfers were made for reasonably equivalent value and were received in good faith by Eide.

33. The Trustee is not entitled to pre-judgment interest, costs, disbursements or attorney's fees or to any further relief beyond its allegation of entitlement to monetary relief in avoidance (the merits of which claim also is fully denied), and said claims for interest, costs and professional fees and further relief should be stricken from the Trustee's Complaint.

34. In the event Eide has any liability to the Trustee, which is denied, Mr. Eide is entitled to an offset against Trustee's claim in the full amount of all outstanding obligations of the Debtor to Eide.

35. In the event Eide has any liability to the Trustee, which is denied, Eide is entitled to a reduction in the amount of the liability on the judgment pursuant to Minnesota Statutes section

513.48(d)(3) to the extent of the value given the debtor for the challenged transfers.

36. Upon information and belief, Debtor and the Trustee have waived and/or are estopped from seeking to recover the challenged transfers from Eide.

## RIGHT TO AMEND

37. Eide reserves the right to raise and assert any and all other defenses and to amend and/or supplement those asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Eide prays that the Trustee's Complaint be denied and dismissed and prays for judgment against the Plaintiff as follows:

1. That the Trustee take nothing by way of his Complaint;

2. That the Complaint be dismissed with prejudice;

3. For attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 1, 2011

*/e/ S. Steven Prince*
S. Steven Prince (State Bar No. 0287696)
Keith S. Moheban (State Bar No. 0216380)
**LEONARD STREET AND DEINARD**
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
612-335-1500 - Telephone
612-335-1657 - Facsimile

**ATTORNEYS FOR ALLEN N. EIDE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 7 |
| Dennis E. Hecker, | BKY No. 09-50779 |
|     Debtor. | |
| Randall L. Seaver, Trustee, | Adv. No.: 11-05020 |
|     Plaintiff, | |
| vs. | |
| Allen N. Eide, | |
|     Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon Leonard, O'Brien Spencer, Gale & Sayre, LTD., counsel for Trustee, Randall L. Seaver, via electronic mail and all parties that are registered or otherwise entitled to receive electronic notices via electronic notification pursuant to the ECF procedures in this District on this 1st day of July, 2011.

Dated: July 1, 2011

                                           */e/ S. Steven Prince*
                                           S. Steven Prince